**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Martin VILLARREAL–GONSALEZ,**
**Defendant–Appellant.**

No. 04–41388.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 21, 2005.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

759

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Martin Villarreal–Gonsalez (Villarreal) appeals his conviction and sentence for being an alien unlawfully present in the United States after deportation following a prior aggravated felony conviction. 8 U.S.C. § 1326(a), (b).

For the first time on appeal, Villarreal argues that the district court erred in imposing a sentence under a mandatory guideline scheme, in violation of *United States v. Booker*, —— U.S. ——, ——–——, 125 S.Ct. 738, 756–57, 160 L.Ed.2d 621 (2005). Because Villarreal did not raise this issue in the district court, his argument is reviewed for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005). Villarreal makes no showing, as required by *Valenzuela–Quevedo*, that the district court would likely have sentenced him differently under an advisory sentencing scheme. Similarly, there is no indication from the district court's remarks at sentencing that it would have reached a different conclusion. Thus, Villarreal has not met his burden to show that the district court's imposition of a sentence under a mandatory guideline scheme was plain error. *See Valenzuela–Quevedo*, 407 F.3d at 733.

Villarreal also argues for the first time on appeal that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Villarreal acknowledges that his argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.